# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

GRAND BAY EXPORTS S.A., a Panama company, and PAPELERIA ISTMEÑA S.A., a Panama company,

        Plaintiffs,

v.

Case No.: _____

MCLAIN FOODS, INC., a Florida corporation

        Defendant.

_____/

## COMPLAINT FOR DAMAGES

Plaintiffs, GRAND BAY EXPORTS S.A. ("Plaintiff Grand Bay") and PAPELERA ISTMEÑA S.A. ("Plaintiff Papelera") (hereinafter, collectively referred to as "Plaintiffs"), file this Complaint against MCLAIN FOODS, Inc. ("McLain" / "Defendant") and states as follows:

## JURISDICTION AND VENUE

1. This Court has original subject matter jurisdiction over this claim pursuant 28 U.S.C. § 1332(a), because there is complete diversity of citizenship among the parties, and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000.00), excluding interests and costs.

2. This Court has personal jurisdiction over Defendant McLain which is a company organized under the State of Florida, conducting business in the State of Florida and with its principal place of business in this District.

1

3.     Venue is proper in this United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §§ 1391.

## THE PARTIES

4.     Plaintiff **GRAND BAY EXPORTS S.A.** is a company organized and existing under the laws of the country of Panama, having its principal place of business located at Federico Boyd Ave. and 49 St., 33 Alfaro Bldg. 6 Floor, Panama City, Panama.

5.     Plaintiff **PAPELERA ISTMEÑA S.A.** is a company organized and existing under the laws of the country of Panama, having its principal place of business located at Calle 4ta, La Loceria, via Ricardo J Alfaro, Panama City, Panama.

6.     Defendant **MCLAIN FOODS, INC.** is a corporation organized and existing under the laws of the State of Florida, having its principal place of business located at 1918 4th Street N, Saint Petersburg, FL 33704.

## GENERAL ALLEGATIONS

7.     Plaintiffs manufactures and distributes an array of paper products, among them, paper towels and toilet paper through the United States, including Florida.

8.     On or about April 2020 Plaintiffs began selling its products to McLain and McLain began selling and distributing Plaintiffs' products in the United States of America ("Products").

9.     Once Plaintiffs shipped the Products manufactured per McLain's request in each purchase order, Plaintiffs invoiced McLain for all products ordered by McLain detailing all amounts owed to Plaintiffs.

10. Grand Bay produced and delivered to McLain all Products as ordered by McLain.

11. In total, Plaintiffs delivered Two Million Two Hundred Ninety-six Thousand Five Hundred and Eleven Dollars with Sixty-Seven Cents ($2,296,511.67) worth of Products.

12. Enclosed as composite Exhibit A is a statement of account containing detail of the Products sold to McLain and the invoiced amount by the Plaintiffs.

13. Despite selling and delivering the goods ordered by McLain, McLain has failed to issue full payment for the outstanding invoices.

14. By March 11th, 2021, McLain owed Grand Bay Two Million Two Hundred Ninety-six Thousand Five Hundred and Eleven Dollars with Sixty-Seven Cents ($2,296,511.67) on outstanding invoices.

15. After Plaintiffs had manufactured and dispatched Two Million Two Hundred Ninety-six Thousand Five Hundred and Eleven Dollars with Sixty-Seven Cents ($2,296,511.67) worth of Plaintiff's Products, McLain notified Plaintiffs its desire to reject eighty nine (89) loads of Products because McLain alleged that it had been unable to sell them.

16. Although not required to, Plaintiffs accepted the return of the eighty nine (89) loads of products that had already been manufactured for and delivered to McLain per its request, and thus issued credit to McLain in the amount of One Million Eighty-nine Thousand One Hundred and Three Dollars with Fifty-Two Cents ($1,089,103.52) to reduce McLain's debt.

17. In an effort to accommodate McLain's request to return the eighty nine (89) loads of Products, Grand Bay incurred in approximately Two Hundred Fifty-eight Thousand Nine Hundred and Fifty-five Dollars ($258,955.00) in logistical and storage costs, plus Four Hundred Eighty-eight Thousand Eight

Hundred and Forty Dollars with Sixty-five Cents $488,840.65 in shipping, import taxes and duties in order to return seventy eight (78) loads of products to one of the group's manufacturing locations for the merchandise returned by McLain. Additionally, Grand Bay also suffered a loss of approximately Fifty-two Thousand Six Hundred and Fifty Three Dollars with Eight Cents ($52,653.08) in the form of discounts issued to achieve the sale of eleven (11) loads of products to a third-party in the United-States.

18. On or about March 19th, 2021 and April 16th, 2021, McLain made two partial payments to further reduce its debt with Plaintiffs in the amount of Four Hundred Eighty-eight Thousand Six Hundred and Nineteen Dollars with Seventy-two Cents $488,619.72, of which Four Hundred Thousand Dollars ($400,000.00) was made to Plaintiff Grand Bay and the other Eighty-eight Thousand Six Hundred and Nineteen Dollars with Seventy-two Cents ($88,619.72) to Plaintiff Papelera.

19. There remains unpaid the amount of Seven Hundred Eighteen Thousand Seven Hundred and Eighty-eight Dollars with Forty-three Cents ($718,788.43), of which Five Hundred Eleven Thousand Nine Hundred and Five Dollars with Fifty-four Cents ($511,905.54) corresponds to goods sold by Plaintiff Grand Bay and Two Hundred Six Thousand Eight Hundred Eighty-two Dollars with Eighty-nine Cents ($206,882.89) corresponds to goods sold by Plaintiff Papelera.

20. Plaintiffs have made several demands to no avail.

21. All conditions precedent has been complied with, have been excused or have been waived.

22. Plaintiffs' have retained the services of the undersigned and is required to pay its reasonable attorneys' fees.

## Count I
## OPEN ACCOUNT

23. Plaintiffs repeat and reallege Paragraphs 1-22 as if fully set forth herein and further state;

24. This is an action for damages.

25. Plaintiffs manufactured and dispatched Products to McLain as ordered by McLain.

26. Plaintiffs did in fact deliver the Products requested by McLain.

27. McLain was obliged to pay the agreed upon price or the reasonable value of the Products sold.

28. Despite Plaintiff's repeated demands, both written and verbal, McLain refuses to pay for the Products sold and delivered.

29. Enclosed as Exhibit "A" is a copy of the mutual, open and current account statement of McLain.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court find judgment in their favor and against Defendant, McLain, for damages, including but not limited to the price of the goods sold, and any other commercially reasonable damages including lost profits and incidental and or consequential damages, prejudgment interest, costs and attorney's fees (if entitlement is shown) and for such further relief that this Honorable Court deems just and proper.

## Count II
## GOODS SOLD AND DELIVERED

30. Plaintiffs repeat and reallege Paragraphs 1-22 as if fully set forth herein and further state;

31. This is an action for damages.

32. McLain owes Plaintiff the price of the Products sold and delivered.

33. Enclosed as Exhibit "A" is the statement of account corresponding to the Products sold and the amounts owed.

34. To date, McLain has refused to make full payment on the Products sold.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court find judgment in their favor and against Defendant, McLain for damages, including but not limited to the price of the goods sold, and any other commercially reasonable damages including lost profits and incidental and or consequential damages, prejudgment interest, costs and attorney's fees (if entitlement is shown) and for such further relief that this Honorable Court deems just and proper.

**Count III**

**UNJUST ENRICHMENT**

35. Plaintiffs repeat and reallege Paragraphs 1-22 as if fully set forth herein and further state;

36. In the alternative, this is action for unjust enrichment.

37. Plaintiffs, at the request or on behalf of McLain manufactured and delivered Two Million Two Hundred Ninety-six Thousand Five Hundred and Eleven Dollars with Sixty-Seven Cents $2,296,511.67 worth of Plaintiff's Products to McLain, thereby conferring a benefit.

38. McLain voluntarily and knowingly accepted and retained the benefit but failed to pay the reasonable and agreed upon price, so that it would

be inequitable for McLain to retain the benefit of the goods sold and delivered without paying the value thereof.

39. In addition, upon returning to Plaintiff some of the Products sold and delivered to McLain, Plaintiff incurred in additional costs in order to accommodate such return.

40. Plaintiffs also conferred a benefit on McLain in accepting the return of some of the Products and reducing the debt thereof and McLain voluntarily accepted such benefit so that it would be inequitable for Defendant to retain any benefit without paying the value thereof.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court find judgment in their favor and against Defendant, McLain for damages, including but not limited to the price of the goods sold, and any other commercially reasonable damages including lost profits and incidental and or consequential damages, prejudgment interest, costs and attorney's fees (if entitlement is shown) and for such further relief that this Honorable Court deems just and proper.

DATED this 14th day of September, 2021

        Respectfully Submitted,

        **Law Firm of Rubio and Associates, PA**
*Attorneys for Plaintiffs*
8950 SW 74th Court, Ste. 1804
Miami, FL 33156
Tel: (786) 220-2061
Fax: (786) 220-2062
hrubio@rubiolegal.com

By: _/s/ Humberto Rubio___
**Humberto Rubio, Jr., Esq.**
FBN: 036433